**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY BELEW, on behalf of himself and all others similarly situated, | No. 15-56821 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-01748-JAH-JLB |
| v. | |
| BRINK'S, INCORPORATED, a Delaware corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| v. | |
| DORIAN CERON, | |
| Objector-Appellant. | |
| TIMOTHY BELEW, on behalf of himself and all others similarly situated, | No. 16-56376 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-01748-JAH-JLB |
| v. | |
| BRINK'S, INCORPORATED, a Delaware corporation, | |
| Defendant-Appellee, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

DORIAN CERON,

        Objector-Appellant.

Appeals from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted November 13, 2017
Pasadena, California

Before: HAWKINS, GRABER,[**] and PARKER,[***] Circuit Judges.

Objector Dorian Ceron appeals from a judgment adopting the parties' Joint Stipulation, certifying a class for settlement purposes pursuant to Rule 23(b)(3), and awarding attorneys' fees and an incentive payment to Plaintiff Timothy Belew. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand with further instructions.

There was an abuse of discretion in approving the Joint Stipulation that included an overbroad release of claims. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026–27 (9th Cir. 1998) (stating the standard of review). A settlement

---

[**] This appeal was argued before a panel that included Judge Kozinski, who retired before a disposition could be filed. Judge Graber was randomly drawn as a replacement. She has reviewed the record and considered the parties' arguments before concurring in this disposition.

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

agreement is not fundamentally fair under Rule 23(e)(2) if it is "the product of collusion among the negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992)). One indication of collusion is an overbroad release of claims, wherein claims that are not within the "identical factual predicate" of the claims alleged in the complaint are released. *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). Under this test, the released claims must "arise from the same common nucleus of operative fact" as those alleged in the complaint. *Class Plaintiffs*, 955 F.2d at 1288.

Here, claims relating to meal and rest period violations, unpaid minimum wages, unreimbursed expenditures, and other unpaid wages—claims that class representative Belew did not possess—arise from factual predicates different from claims alleging unpaid overtime wages. The operative complaint contains less than two pages of factual allegations, all of which are specific to the practices employed by Brink's to calculate and pay overtime wages; these allegations fail to present a related, let alone "identical," factual predicate necessary to release claims involving meal and rest period violations, unpaid minimum wages, unreimbursed expenditures, and other unpaid wages. *See, e.g.*, *Hesse*, 598 F.3d at 591 (noting that "superficial similarity" is insufficient to meet the identical factual predicate test).

3

Ordinarily, a class settlement "must stand or fall in its entirety," because we lack the power to "rewrite agreements reached by parties." *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (internal quotation marks omitted). Here, however, the non-overtime-related claims were considered by Brink's to have zero value, and the settlement contained no separate consideration for those claims. For that reason, it is possible to excise the release of those claims from the Joint Stipulation without "rewriting" anything.

Shorn of the release of the unrelated claims, the district court's approval of the Joint Stipulation seems entirely appropriate. Accordingly, we affirm the approval of the Joint Stipulation, instruct the district court to sever claims involving meal and rest period violations, unpaid minimum wages, unreimbursed expenditures, and other unpaid wages from the Joint Stipulation's release of claims, and remand consistent with this disposition.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED** for proceedings consistent with the above instructions. Each party shall bear their own costs on appeal.[1]

---

[1] All pending motions, *see* Doc. 75, are denied as moot.